People v Ali (2015 NY Slip Op 00544)





People v Ali


2015 NY Slip Op 00544


Decided on January 21, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
THOMAS A. DICKERSON
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2012-02810
 (Ind. No. 2993/10)

[*1]The People of the State of New York, respondent,
v
Ismail Ali, appellant.


Lynn W. L. Fahey, New York, N.Y. (Nao Terai of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, N.Y. (John M. Castellano, Johnnette Traill, William H. Branigan, and Adam K. Brody of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 19, 2012, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of assault in the second degree and criminal possession of a weapon in the third degree. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The record shows that defense counsel provided meaningful representation to the defendant and, thus, the defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive and does not warrant reduction in the interest of justice (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., DICKERSON, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court